1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM J. WHITSITT,                    No.  2:22-cv-00356-WBS-CKD P

12                    Plaintiff,

13          v.                                ORDER

14    SAN JOAQUIN COUNTY MENTAL
      HEALTH, et al.,
15
                      Defendants.
16

17

18
            Plaintiff is a county prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §
19
      1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §
20
      636(b)(1).
21
            Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a
22
      declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.
23
      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§
24
      1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the
25
      initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.
26
      Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding
27
      month's income credited to plaintiff's prison trust account.  These payments will be forwarded by
28

                                            1

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than

"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

at 678.  When considering whether a complaint states a claim upon which relief can be granted,

the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

U.S. 232, 236 (1974).

/////

2

## II.      Allegations in the Complaint

Plaintiff is a pretrial detainee at the San Joaquin County Jail.  In his original complaint plaintiff attempts to sue various defendants for engaging in a "RICO criminal enterprise and conspiracy."  ECF No. 1 at 1.  However, before the court could screen this complaint, plaintiff filed a series of amended complaints.  ECF Nos. 7, 9, 10.

## III.      Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

### A.  State Actor Requirement

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).  Thus, private individuals, such as those named in plaintiff's complaint, are not proper defendants in a § 1983 action.

### B.  Criminal Actions Not Cognizable

Although plaintiff seeks to hold defendants liable for various alleged criminal acts, plaintiff provides no authority for the proposition that he has a private right of action to assert a violation of criminal statutes, and no such right generally exists.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding specific criminal provisions in the United States Code "provide no basis for civil liability"); Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) ("sections of the California Penal Code ... do not create enforceable individual rights").  Unless there is a clear congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute.  Federal Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 138 (4th Cir. 1987) (where there is no affirmative indication that Congress intended to furnish a civil remedy, no civil cause of action exists).

1

### C.  Retaliation

2      Prison officials generally cannot retaliate against inmates for exercising First Amendment

3  rights.  <u>Rizzo v. Dawson</u>, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's First

4  Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a

5  finding that "the prison authorities' retaliatory action did not advance legitimate goals of the

6  correctional institution or was not tailored narrowly enough to achieve such goals."  <u>Id.</u> at 532.

7  The plaintiff bears the burden of pleading and proving the absence of legitimate correctional

8  goals for the conduct of which he complains.  <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995).

9  Also, in order to state a claim for retaliation, plaintiff must point to facts indicating a causal

10  connection between the adverse action and the protected conduct.  <u>Watison v. Carter</u>, 668 F.3d

11  1108, 1114 (9th Cir. 2012).

12      ### IV.    Analysis

13      In light of the numerous amended pleadings filed by plaintiff, the court is unable to screen

14  the original complaint.  The Local Rules require that a complaint be complete in itself without

15  reference to any additional pleading.  <u>See</u> Local Rule 220.  Moreover, although the Federal Rules

16  of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the

17  elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646,

18  649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts

19  which defendants engaged in that support plaintiff's claim.  <u>Id.</u>  For all these reasons, plaintiff's

20  complaint will be dismissed and plaintiff will be granted leave to amend in order to file a single

21  amended complaint that lists all claims and defendants which plaintiff wishes to pursue.  <u>See</u> Fed.

22  R. Civ. P. 15(a)(2).

23      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

24  complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v.</u>

25  <u>Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint must allege in

26  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

27  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

28  claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

1    allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

2    Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

5    complaint be complete in itself without reference to any prior pleading.  This is because, as a

6    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

7    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

8    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

9    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10         **V.      Plain Language Summary for Pro Se Party**

11         The following information is meant to explain this order in plain English and is not

12   intended as legal advice.

13         The court is unable to screen your complaint because you have filed too many pleadings

14   attempting to amend your original complaint.  Your original complaint is being dismissed, but

15   you are being given the chance to file a single pleading that lists all defendants and claims.

16         Although you are not required to do so, you may file a second amended complaint within

17   30 days from the date of this order.  If you choose to file an amended complaint, pay particular

18   attention to the legal standards identified in this order which may apply to your claims.

19         Accordingly, IT IS HEREBY ORDERED that:

20         1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 8) is granted.

21         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

22         shall be collected and paid in accordance with this court's order to the San Joaquin County

23         Sheriff filed concurrently herewith.

24         3.   Plaintiff's motions to amend his complaint (ECF Nos. 9, 10) are granted.

25         4.  Plaintiff's complaint is dismissed.

26         5.  Plaintiff is granted thirty days from the date of service of this order to file an amended

27         complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

28         of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  May 10, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/whit0356.14.new.docx