1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

WILLIAM J. WHITSITT,

No.  2:22-cv-00356-WBS-CKD

12

Plaintiff,

13

v.

ORDER

14

SAN JOAQUIN COUNTY MENTAL
HEALTH, et al.,

15

16

Defendants.

17

18

Plaintiff is a county prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

19

1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20

636(b)(1).

21

On May 11, 2022, the court dismissed plaintiff's first amended complaint, but granted him

22

leave to amend.  ECF No. 11.  Plaintiff's second amended complaint is now before the court for

23

screening pursuant to 28 U.S.C. § 1915A.

24

**I.       Screening Requirement**

25

The court is required to screen complaints brought by prisoners seeking relief against a

26

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8  Cir. 1989); Franklin, 745 F.2d at 1227.

9        In order to avoid dismissal for failure to state a claim a complaint must contain more than

10  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

11  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

12  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

13  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

14  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

15  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

16  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

17  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

18  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

19  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

20  U.S. 232, 236 (1974).

21  **II.   Allegations in the Second Amended Complaint**

22        Plaintiff is a pretrial detainee at the San Joaquin County Jail who has been determined

23  incompetent to stand trial.  ECF No. 13.  In his second amended complaint plaintiff attempts to

24  sue various private citizens and local officials for engaging in a "RICO criminal enterprise and

25  conspiracy" and for violating his substantive due process rights.  ECF No. 13.

26  **III.   Legal Standards**

27        The following legal standards are being provided to plaintiff based on his pro se status as

28  well as the nature of the allegations in his amended complaint.

2

A.      **State Actor Requirement**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed **by a person acting under the color of state law**.  See West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987). Thus, private individuals, such as those named in plaintiff's complaint, are not proper defendants in a § 1983 action.

B.      **Criminal Actions Not Cognizable**

Although plaintiff seeks to hold defendants liable for various alleged criminal acts, plaintiff provides no authority for the proposition that he has a private right of action to assert a violation of criminal statutes, and no such right generally exists.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding specific criminal provisions in the United States Code "provide no basis for civil liability"); Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) ("sections of the California Penal Code ... do not create enforceable individual rights"). Unless there is a clear congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute.  Federal Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 138 (4th Cir. 1987) (where there is no affirmative indication that Congress intended to furnish a civil remedy, no civil cause of action exists).

C.      **Absolute Immunity for Judges**

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983.  Pierson v. Ray, 386 U.S. 547 (1967).  A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872).  A judge's jurisdiction is quite broad.  The two-part test of Stump v. Sparkman determines its scope:

The relevant cases demonstrates that the factors determining whether an act by a judge is a

3

'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

### D.  Absolute Immunity for Prosecutors

Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409 (1976).  Determining whether a prosecutor's actions are immunized requires a functional analysis.  The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies.  Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) (en banc).  The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune.  Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

### E.  Civil Conspiracy

To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights.  Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989).  Plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy. Id.  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"  Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989) ).

The federal system is one of notice pleading, however, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy.  Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...."  Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007).  A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." Id.

### IV.    Analysis

At the outset, the court notes that plaintiff did not sign the second amended complaint. The court cannot consider unsigned filings and the complaint shall be stricken from the record for that reason.  Fed. R. Civ. P. 11; Local Rule 131(b).  Plaintiff has thirty days to file a signed amended complaint.  Additionally, the court has set forth the appropriate pleading standards and noted potential defects in the factual allegations of the complaint.  Plaintiff should pay careful attention to the legal standards governing his claims should he choose to file an amended complaint.

In addition to filing a second amended complaint, plaintiff also filed a supplement.  See ECF No. 14.  Plaintiff was previously cautioned against filing supplemental pleadings in an attempt to amend his complaint.  See ECF No. 11 at 4.  The court advised plaintiff that the Local Rules require that a complaint be complete in itself without reference to any additional pleading. See Local Rule 220.  Plaintiff will be given one last opportunity to conform his pleadings to the Local Rules as explained herein.

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a

1    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

2    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

3    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

4    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

5         **V.    Plain Language Summary for Pro Se Party**

6         The following information is meant to explain this order in plain English and is not

7    intended as legal advice.

8         The court is striking your second amended complaint from the docket because you did not

9    sign it.  All pleadings filed by pro se parties must be signed.  The court is giving you the chance

10   to file a signed third amended complaint within 30 days from the date of this order to fix this

11   problem.  If you choose to file an amended complaint, pay particular attention to the legal

12   standards identified in this order which may apply to your claims and do not file any supplements

13   to the amended complaint.  If you do not file a signed second amended complaint within the time

14   provided, the court will recommend dismissing your case without prejudice.

15        In accordance with the above, IT IS HEREBY ORDERED that:

16        1.  Plaintiff's second amended complaint (ECF No. 13) is stricken from the docket

17        because it was not signed in violation of Local Rule 131(b).

18        2.  Plaintiff is granted thirty days from the date of service of this order to file a third

19        amended complaint that complies with the requirements of the Civil Rights Act, the

20        Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended

21        complaint must bear the docket number assigned this case and must be labeled "Amended

22        Complaint."  Failure to file an amended complaint in accordance with this order will result

23        in a recommendation that this action be dismissed.

24   Dated:  November 18, 2022

25                                              _____
                                                CAROLYN K. DELANEY
26                                              UNITED STATES MAGISTRATE JUDGE

27   12/whit0356.no.sig.lta.docx

28

                                                6