UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>  Plaintiff,<br><br>  v.<br><br>SAN JOAQUIN COUNTY MENTAL HEALTH, et al.,<br><br>  Defendants. | No. 2:22-cv-00356-WBS-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former county inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Currently pending before the court are plaintiff's third, fourth, and fifth amended complaints. ECF Nos. 18, 24, 26. In prior screening orders, plaintiff was advised that an amended complaint supersedes an original complaint and that Local Rule 220 requires an amended complaint to be complete in itself without reference to any prior pleading. See ECF Nos. 11, 16. Therefore, the court will proceed to screen plaintiff's fifth amended complaint without reference to any prior complaint or supplement.

**I.  Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

## II. Allegations in the Fifth Amended Complaint

Plaintiff alleges a "RICO Criminal Enterprise and Conspiracy" to falsely arrest and imprison him based on false testimony from members of the Morris family who are named as defendants in this action. At least two of these criminal cases were recently dismissed by the San Joaquin County Superior Court. Plaintiff also sues the Christian Life Church and its employees because they "received covert RICO predicate act bribes and or payoffs" to deny him his First Amendment freedom of religion and denied him the ability to pursue his dreams of becoming a minister. ECF No. 26 at 4. Plaintiff further alleges that he was denied procedural and substantive due process while in pretrial custody due to delays associated with his competency proceedings. Plaintiff names as defendants various San Joaquin County judges, mental health workers, prosecutors, and probation officers who do not have absolute immunity according to the amended complaint because they are corrupt. Without any link to the asserted constitutional violations in the fifth amended complaint, plaintiff also sues the State of California and the City of Manteca and Stockton.

By way of relief, plaintiff seeks a declaratory judgment, monetary damages, the revocation of bail for Nikki and Kelly Morris, and "the right to make any final decisions on [p]rison time and damages for Chloe Morris and Connor Morris." ECF No. 24 at 13.

## III. Analysis

The court has reviewed plaintiff's fifth amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law. To the extent that plaintiff names the State of California as a defendant, the Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979). In the instant case, the State of California has not consented to suit. Accordingly, any putative claims against the State of California are barred by the Eleventh

Amendment.

As was explained in prior screening orders, members of the Morris family are not proper defendants because they were not acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).  Plaintiff suggests that these private actors are liable because they engaged in a conspiracy with other state actors to violate his constitutional rights.  However, the fifth amended complaint contains nothing more than conclusory allegations of a civil conspiracy which are insufficient to state a claim against any named defendant under 42 U.S.C. § 1983.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (emphasizing that the court is not required to "accept as true a legal conclusion couched as a factual allegation.") (internal quotation and citation omitted); Simmons v. Sacramento Cty. Superior Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that "conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient" to state a claim); Price v. Hawaii, 939 F.2d 702, 708 (9th Cir. 1991) (requiring something more than conclusory assertions of a civil conspiracy between a private party and a state actor in order to establish § 1983 liability).

Plaintiff has also failed to state a First Amendment claim against the Christian Life Church, its employees, or any of its affiliate organizations.  A church is not a state actor that is liable under § 1983.  See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (emphasizing that if the action of the defendant is not state action, the court's inquiry ends).

Regarding the various San Joaquin County employees, plaintiff's allegations are entirely conclusory in nature and do not adequately provide notice of the specific conduct of each defendant that led to the violations of his rights.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  The undersigned finds that plaintiff has failed to adequately state a claim for relief against any of the San Joaquin County employees for this most basic reason.

Additionally, the named San Joaquin County defendants who are employed as judges and

prosecutors have absolute immunity from actions within the course and scope of their official duties. See Pierson v. Ray, 386 U.S. 547 (1967) (holding that judges acting within the course and scope of their judicial duties are absolutely immune from liability); Imbler v. Pachtman, 424 U.S. 409 (1976) (finding prosecutors immune from civil suits when the challenged activities related to the initiation and presentation of criminal prosecutions). Therefore, these defendants are immune from plaintiff's request for monetary damages.

The allegations in the fifth amended complaint do not link the City of Manteca or Stockton to any of the asserted constitutional violations. There is no municipal policy or custom that plaintiff identifies which led to the asserted violation of his rights. As a result, there is no Monell claim that is properly plead in the fifth amended complaint. See Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978) (explaining that "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury…." then the municipality is responsible under § 1983.).

For all these reasons, the undersigned recommends dismissing plaintiff's fifth amended complaint for failing to state a claim and for seeking relief from defendants who are immune from monetary damages. See 28 U.S.C. § 1915A(b).

**IV.   Leave to Amend**

Once the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06. It appears to the court that further amendment of this case would be futile because the deficiencies described above have

not been cured despite numerous attempts to do so. Therefore, the undersigned recommends that the amended complaint be dismissed without further leave to amend. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your fifth amended complaint and determined that it does not state any claim for relief against any named defendant. The undersigned is recommending that your amended complaint be dismissed without further leave to amend.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned your case will then review the case and make the final decision in this matter.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's fifth amended complaint be dismissed without further leave to amend; and,
2. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

/////

/////

////

Dated: July 19, 2023

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/whit0356.F&R